RAYMOND J. AAB and EUGENIA HAWRYLKO AAB, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aab v. Commissioner
Docket No. 3183-80.
United States Tax Court
T.C. Memo 1981-620; 1981 Tax Ct. Memo LEXIS 115; 42 T.C.M. (CCH) 1519; T.C.M. (RIA) 81620; October 26, 1981. Raymond J. Aab, pro se. Janet F. Appel, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 652.00 in petitioners' Federal income tax for 1977. After concessions by both parties, the sole issue is whether petitioners are entitled to a deduction for "home office" expenses under section 280A. [1]
All the facts have been stipulated and are found accordingly. Petitioners, Raymond J. Aab and Eugenia Hawrylko Aab, resided in *116 New York City, N.Y., when they filed their petition in this case. Petitioners filed a joint Federal income tax return for 1977. Eugenia Hawrylko Aab (petitioner) is a licensed physician who was employed in 1977 as a research associate by the Sloan-Kettering Institute for Cancer Research (Institute) in New York City. While employed by the Institute, petitioner designed and carried out experiments in cancer research, more specifically in the field of tumor immunology. Petitioner was assisted by three laboratory technicians. Through grants received from nonprofit organizations and governmental agencies, the Institute paid the cost of conducting experiments, purchasing equipment, and hiring employees, including petitioner. The grant in effect for 1977 was awarded through an "Application for a Faculty Research Award" submitted by petitioner on behalf of the Institute. As stated in the application, the primary objective of the proposal was to: study the mechanism(s) by which tumors avoid destruction and to find ways to reverse such escape using as the starting point a well-defined model of BCG potentiated antitumor immunity * * *. The study of such mechanisms was to be conducted *117 through laboratory experiments. All experiments during 1977 were carried out by petitioner in a laboratory provided for this purpose by the Institute. Petitioner was required to be at the Institute on a daily basis to oversee the laboratory research, including the work of the three assistants. The laboratory was available to petitioner 24 hours a day. Petitioner's duties included the design and carrying out of experiments, review and compilation of data, writing of articles for publication, and writing of grant proposals. Petitioner saw no patients in 1977. The laboratory was furnished with laboratory benches, stools, and filing cabinets along with the research equipment. Due to lack of space, the Institute did not provide petitioner with a separate office or a free-standing desk on which to write. For writing space, petitioner used any available laboratory counterspace. On the average, petitioner spent over four hours per day at the laboratory. Petitioners lived in a four and one-half room duplex located five blocks from the Institute. Petitioner set aside an upstairs room of the duplex for use as an office which will also be referred to as her "home office." The room *118 contained the following: a desk, a lamp, two chairs, two bookcases, a typewriter, a filing cabinet, and a closet used to store papers. Petitioner completed the writing requirements of her job in her "home office." Use of the upstairs room was necessary for this purpose considering the lack of available space at the laboratory. Such writing requirements included the preparation of articles for publication on the results of the experiments and writing grant proposals once every three years with annual updates. As part of her job, petitioner published or submitted for publication three articles in 1977. Petitioner also used the "home office" to prepare for committee meetings, to review grant proposals made by other doctors, and to prepare lectures. On their 1977 Federal income tax return, petitioners deducted certain expenses as being attributable to petitioner's use of a room in their home as an office. In his notice of deficiency, respondent disallowed those deductions. The sole issue is whether petitioner is entitled to deductions under section 280A for certain "home office" expenses. Generally, section 280A disallows deductions with respect to the use of a dwelling *119 unit which is used by the taxpayer during the taxable year as a residence. However, section 280A(c)(1) provides an exception to this rule: (1) Certain business use--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Petitioner claims that the "home office" is exclusively used on a regular basis as her principal place of business. Respondent makes no argument that petitioner does not exclusively use the "home office" on a regular basis for her business. What respondent does maintain is that the "home office" was not petitioner's "principal place of business." Since petitioner is an employee, respondent also contends that such exclusive use is not for the convenience of petitioner's employer. We find for respondent. As section 280A applies to this case, petitioner must show that her "home office" was used as her "principal place of business" as that *120 phrase is used in section 280A(c)(1)(A). Section 280A(c)(1)(A) refers to "the taxpayer's principal place of business." The plain meaning of the statute contemplates but one principal place of business with respect to a particular employment at any given time. See ; . In determining a taxpayer's principal place of business, this Court has held we must examine the various locations in which the taxpayer conducted his or her business and ascertain which location was the "focal point" of the taxpayer's business activities. ; . In Baie, the taxpayer operated a prosperous hotdog stand on a busy street in Los Angeles. The taxpayer used her kitchen to prepare the food and exclusively used her home office to attend to the records and paperwork of the hotdog stand. The Court held: It is readily apparent that, for purposes of section 280A(c)(1)(A), the hotdog stand, itself, was petitioner's principal place of business. [.]
*121 The Court added: Unfortunately for the petitioners here, the words of the law which Congress passed are straightforward and much broader in their applicability--sufficiently broad to catch petitioners in their net. We are not, therefore, at liberty to "bend" the law, much as we may sympathize with petitioner's petition. [.] Thus, a taxpayer has but one principal place of conducting a particular business, and unless he is engaged in more than one trade or business, he is thereby limited to a single principal place of business. See . Petitioner conducts the vast majority of her business in two places, namely the research laboratory and the "home office." As petitioner is engaged in but one business, the business of being an employee of the Institute, the statute permits but one principal place of conducting that business. As such we must determine whether the upstairs room as compared to the laboratory, is petitioner's principal place of business. Petitioner is a Doctor of Medicine who was employed by the Sloan-Kettering Institute to conduct the laboratory *122 experiments in cancer research. Petitioner was required to be at the laboratory on a daily basis to conduct the experiments and to supervise the work of three laboratory assistants. On the average, petitioner spent over four hours per day at the laboratory. Petitioner's salary was funded through a research grant which was awarded to the Institute based on petitioner's proposal to conduct research on certain tumor properties. Such research was to be carried out through laboratory experiments. Although the use of her "home office" was necessary to carry out an integral part of petitioner's job, it was nonetheless incidental to the fundamental research carried on at the laboratory. In short, petitioner was paid to do research. As a researcher, the laboratory was the "focal point" of petitioner's business. Section 280A(c)(1)(A) requires a determination as to whether the upstairs room constitutes petitioner's "principal" place of business. We note the necessity of the use of petitioner's "home office" and the significance of the work done there. Nonetheless, we cannot ignore the plain meaning of the statute. We conclude the principal place of petitioner's business was not the upstairs *123 room, but rather was the research laboratory. [2]
In summary, petitioner is not entitled to a deduction for home office expenses incurred in 1977. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩
2. In view of this conclusion, it is not necessary to consider respondent's contention relating to the "convenience of his employer" requirement of sec. 280A(c)(1).↩